In the Matter of LIBERAL CIVIC CLUB, INC., Respondent, against PETER POLI, Appellant.— Respondent on this appeal, a domestic membership corporation and which is the product of a consolidation of two constituent domestic membership corporations (Membership Corporations Law, art. VII), instituted this proceeding against appellant, who was the last treasurer of one of the said constituent membership corporations, to compel him to turn over to it certain bank books, and all other moneys, books and records which formerly belonged to said constituent corporation; and appellant made a cross motion to vacate the order of the court which had approved the certificate of consolidation. The appeal is from an order granting respondent's application and denying appellant's cross motion. No objection was raised with respect to the form of the proceeding. Order affirmed, with $10 costs and disbursements. Since it is undisputed that one of respondent's corporate objects and purposes is to maintain a mutual assistance fund for the benefit of its members, which is the same as that which appellant claims was the prime corporate purpose of the constituent corporation of which he was a member and treasurer, Club Giuseppe Verdi, Inc., he may not be heard to complain that the purposes of the two constituent corporations were not, as contemplated by section 50 of the Membership Corporations Law, "kindred" (cf. *Matter of Young Women's Assn.*, 169 App. Div. 734). Although the votes cast at the meeting of Club

Giuseppe Verdi, Inc., held in January of 1953 in favor of the consolidation were not by at least two thirds of its members entitled to vote thereon, and the notice of said meeting might have been defective in that it was not given at least ten days before the meeting and was not signed by an executive officer (Membership Corporations Law, §§ 43, 50), appellant may not be heard to claim that the consolidation should be upset on those grounds, in the light of the fact that he took no steps to litigate his claim until after a lapse of almost a year after said meeting, of about seven months after the court approved the certificate of consolidation, and of about five months after respondent held its meeting at which he was not elected to office, and after the other constituent corporation had entered into the consolidation in reliance on what at least superficially appeared to be regular procedure on the part of Club Giuseppe Verdi, Inc. (cf. *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159, 185–188; *Sheldon Hat Blocking Co.* v. *Eickemeyer Hat Blocking Mach. Co.*, 90 N. Y. 607; *Markson* v. *Markson's Furniture Stores*, 267 N. Y. 137, 142–143; *Warner* v. *Morgan*, 81 Misc. 685, 693–694, affd. 165 App. Div. 903, and *Warren* v. *Bigelow Blue Stone Co.*, 74 Hun 304.) Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.